IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-40691
Summary Calendar
_____

CHRISTINA L. GONZALEZ,

Plaintiff-Appellant,

versus

ASSOCIATES' HEALTH AND WELFARE
PLAN; WAL-MART STORES, INC.,

Defendants-Appellees.

Appeal from the United States District Court for
the Southern District of Texas
(USDC No. M-00-CV-127)
_____
December 23, 2002

Before REAVLEY, SMITH and STEWART, Circuit Judges.

PER CURIAM:[*]

Christina Gonzalez appeals the amount of her award of attorneys' fees and

the district court's denial of her motion for expenses and prejudgment interest. We

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion
should not be published and is not precedent except under the limited circumstances
set forth in 5TH CIR. R. 47.5.4.

vacate the judgment and remand the case to the district court for the following reasons:

1.  This court reviews award of attorneys' fees pursuant to ERISA for abuse of discretion. See 29 U.S.C. § 1132(g)(1). Once a district court determines a party is entitled to attorney's fees, it must find the number of hours reasonably expended on the case and the reasonable hourly rate for the attorney's services. See Wegner v. Standard Ins. Co., 129 F.3d 814, 822 (5th Cir. 1997). The court must multiply these to figures to determine the "lodestar." Id. The lodestar is presumed to be the reasonable fee, but it may be adjusted after considerations of the factors listed in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974), overruled on other grounds, Blanchard v. Bergeron, 489 U.S. 87 (1989).

2.  A district court abuses its discretion by failing to explain how it calculated a fee award. See Bellaire Gen. Hosp. v. Blue Cross Blue Shield, 97 F.3d 822, 833 (1996). The district court awarded $18,550 in attorney's fees without any explanation, despite the fact that Gonzalez presented evidence that at least 182.75 hours were reasonably expended and that $200 was a reasonable

2

hourly rate. The defendant did not object to these figures, which result in a lodestar of $36,550. As this court cannot assess how the district court arrived at the $18,550 figure, we cannot be sure the lower court applied the lodestar method or the <u>Johnson</u> factors. Accordingly, we remand the case so that appropriate findings may be made and the proper calculations and adjustments may be performed.

3.  Review under an abuse of discretion standard is only possible if the court "[p]rovides a concise but clear explanation of its reasons for the fee award." <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 437 (1983). Expenses that are normally charged to a fee paying client are recoverable as part of a fee award, unless the court deems the expense unreasonable. <u>Associated Builders & Contractors, Inc. v. Orleans Parish School Bd.</u>, 919 F.2d 374, 380 (5th Cir. 1990). On remand, the court should only deny those expenses it deems unreasonable.

4.  Although we cannot say the court abused its discretion by denying prejudgment interest, the district court's failure to explain its reasoning frustrates meaningful appellate review. Given the difficulty we face weighing

3

the propriety of the court's exercise of discretion, we ask the district court to prepare a brief statement of reasons for denying prejudgment interest on remand.  See Whitfield v. Lindemann, 853 F.2d 1298 (5th Cir. 1988).

VACATED and REMANDED.